```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN MEARS,                    :   CIVIL NO. 1:07-CV-1323
                               :
          Petitioner           :   (Judge Caldwell)
                               :
     v.                        :   (Magistrate Judge Smyser)
                               :
JAMES WYNDER, ET AL.,          :
                               :
          Respondents          :
```

**REPORT AND RECOMMENDATION**

This 28 U.S.C. § 2254 habeas corpus petition brought by a state prisoner challenges a sentence that was imposed upon the petitioner for a 1996 offense after his initial sentence imposed in 1997 to a term of probation was revoked in 2002 on the basis of conduct occurring during the term of probation. The petition was filed by petitioner Mears on July 23, 2007. An Order dated August 1, 2007 was issued to the respondents to show cause why the petition should not be granted. A response to the petition was, after the respondents had sought and had been granted leave to file a partial response addressing the issue of timeliness, filed on behalf of the respondents by the District Attorney of Dauphin County on August 20, 2007. The petitioner filed a reply to the response on September 24, 2007. We will now address the issues that are addressed by the parties in the pleadings filed to date. In light of our determination that the petition is untimely and our recommendation that the petition

should be dismissed on that basis, there is not a need to require further response from the respondents.

In the following discussion, we will set forth the relevant underlying facts and procedural history. We will for that purpose use the statement of the underlying facts and procedural history of the case as it is stated by the Dauphin County Court of Common Pleas in the Opinion of May 30, 2007[1]:

> On or about December 9, 1996, [petitioner Mears] plead guilty to four (4) counts of Endangering the Welfare of Children. On June 25, 1997, [petitioner Mears] was sentenced on the aforementioned charge. [Footnote: These charges stemmed from the fact that petitioner Mears was attempting to procure the services of a prostitute while his four minor children were sitting in the rear of a van he was operating]. At count one, [petitioner Mears] was given a probationary sentence of two (2) years minus one (1) day. This sentence was to run consecutive to docket 2984 CD 1996. [Petitioner Mears] was given the same sentence at counts two, three and four, all to run concurrent with one another and concurrently with count one. A strict condition of [petitioner Mears'] supervised probation was that he was not to have any contact with children under the age of eighteen (18).
>
> On November 23, 2001, Agent Dave Bennett conducted a field visit to [petitioner Mears'] residence. There, Agent Bennett found [petitioner Mears] with a fourteen (14) year-

---

1. This excerpt is found in the record of this proceeding as a quote of the trial court Opinion set forth in the Opinion of the Superior Court, as contained in an Attachment to Doc. 7. We have substituted "Petitioner Mears" for "Appellant."

> old girl and subsequently arrested [petitioner Mears] for violating the terms of his probation.  On January 22, 2002, the [trial court] revoked [petitioner Mears'] probationary sentence.  On March 22, 2002, after throughly reviewing [petitioner Mears] presentence investigation, [the trial court] sentenced [petitioner Mears] at count one, to a period of incarceration in a state correctional facility [of] not less than two (2) years, nor more than five (5) years and to pay the costs of prosecution. [Petitioner Mears] was given a consecutive sentence of two (2) to five (5) years at counts two, three and four, for a total aggregate sentence of eight (8) to twenty (20) years imprisonment.  On April 6, 2002, [the trial court] denied [petitioner Mears'] Motion for Modification of Sentence.

(Doc. 7, Exhibit M).

The respondents note that the petitioner did not appeal after he entered his guilty plea and had been sentenced in 1997.

The grounds for habeas corpus relief that are raised in the petition that is before the court are based upon the conviction in 1997.  The petitioner considers his guilty plea entered in 1996 to have been a violation of his federally protected rights.  As stated by the petitioner in his petition, the two grounds presented are:

> Ground One: A violation of the Constitution, Laws and Treaties of the United States: Specifically, the 1996 guilty plea to the non-existent crime of endangering the welfare of children was void ab initio based on logic,

3

> or as a matter of due process where one jurist of the Pennsylvania Superior Court found petitioner innocent of the crime to which he stands convicted and sentenced, and?or is serving an illegal sentence based on one superior court jurist's opinion, and section 9545 et seq cannot be applied due to the fact that Pennsylvania practice dictates that illegal convictions and sentences are non-waivable. As such, a manifest injustice has occurred in the state court.
>
> Ground Two: Trial counsel was ineffective for failing to move for dismissal of the charges of endangering the welfare of children at the start of the guilty pleas collquy. Likewise, PCRA counsel was ineffective for failing to spot and raise the issue herein.

(Doc. 1).

The petitioner is, plainly, challenging his 1997 conviction, not having appealed that conviction in state court. His time to appeal the state court conviction expired thirty (30) days after the judgment of sentence was entered. Pa.R.A.P. 903(a). His conviction became final on July 25, 1997. It is not in dispute that he took no appeal from his conviction.

> 28 U.S.C. § 2244(d)(1)(A),(2) provides:
>
> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petitioner is precluded by application of 28 U.S.C. § 2254(d) from challenging his 1997 conviction in this court. The respondents have addressed the petitioner's actual or conceivable assertions of statutory or equitable tolling of the limitations period. Petitioner Mears did not have a properly filed PCRA petition pending between July 25, 1997 and July 23, 2007. He does not present a basis for a finding of his actual innocence of the offense of his 1997 conviction. Given that neither of these tolling principles is colorably applicable here we will not further address these principles herein.

It is recommended that the petition for a writ of habeas corpus be denied.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: September 27, 2007.