IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN MEARS, :
    Petitioner
                                          :

    vs. : CIVIL NO. 1:CV-07-1323

                                          :
JAMES WYNDER, et al.,
    Respondents :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

      John Mears, an inmate at SCI-Dallas, has filed a petition pursuant to 28 U.S.C. § 2254. (doc. 1). Magistrate Judge Smyser's Report (doc. 10) concludes that Mears' habeas petition is untimely and should be denied. As we agree with the Report's analysis, we will adopt it and deny Mears' petition over the objections he has filed. (doc. 13). We will briefly discuss Mears' objection to the Report.

      In objecting to the Report, Mears contends that the one-year limitation governing habeas petitions, *see* 28 U.S.C. § 2244(d), should be equitably tolled because of his "actual innocence." (doc. 13, p. 1). Specifically, Mears argues that he has "new evidence" showing that he is actually innocent of the child endangerment conviction. *Id*. The "evidence" is Pennsylvania Superior Court Judge John T. Bender's dissenting

opinion filed in Mears' direct appeal of the 8-20 year sentence imposed upon revocation of probation.  *Id.*

While the one-year limitation for filing a habeas petition is generally subject to equitable tolling, *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998), the Third Circuit has not held that the limitation may be equitably tolled on the basis of actual innocence.  *Horning v. Lavan*, 197 Fed. Appx. 90, 93 (3d Cir. 2006) (nonprecedential) (citing *United States v. Davies*, 394 F.3d 182, 191 n.8 (3d Cir. 2005)).  Even if the Third Circuit permitted equitable tolling for a viable actual innocence claim, Mears' claim would fail.  The Supreme Court has explained that a defendant asserting actual innocence "must show 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence' presented in his habeas petition."  *Calderon v. Thompson*, 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).  The defendant must support his claim with "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324.

The dissenting opinion cited by Mears is not new reliable evidence.  A dissenting judicial opinion filed in connection with a majority opinion affirming Mears' sentence is

not the type of "new reliable evidence" discussed in *Schlup* as potentially meriting equitable tolling.  Additionally, Judge Bender's dissenting opinion concerns the sentence imposed by the trial court upon revocation of probation, not Mears' guilt for the underlying child endangerment conviction.  *See* doc. 7, ex. D, Bender, J. dissenting, at 7-8.  Therefore, even if an actual innocence claim could equitably toll the one-year limitation for habeas petitions, Mears' claim fails to present "new reliable evidence" that might open the gateway to his claims.[1]

We will also deny a certificate of appealability based on the Report and the above analysis.  However, Mears is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

AND NOW, this 11th day of January, 2008, upon consideration of the Report and Recommendation of the Magistrate

---

[1] Mears also contends that an actual innocence claim may proceed even in the absence of new evidence. *See* doc. 13, p. 3 (citing *Cristin v. Brennan*, 281 F.3d 404, 420-21 (3d Cir. 2002)).  In *Cristin*, however, the Third Circuit explained that in *United States v. Garth*, 188 F.3d 99 (3d Cir. 1999), it allowed the petitioner to proceed with an actual innocence claim without new evidence because "the Supreme Court had reinterpreted the statute under which the petitioner was convicted to require more conduct than was allegedly committed."  *Cristin*, 281 F.3d at 421.  Such circumstances were not present in *Cristin* nor are they present here.

3

Judge (doc. 10), the petition pursuant to 28 U.S.C. § 2254 (doc. 1), and Defendant's objection to the Report (doc. 13), it is ordered that:

1. The Report of the Magistrate Judge (doc. 10) is adopted;

2. The petition for writ of habeas corpus (doc. 1) is denied;

3. A certificate of appealability is denied;

4. The Clerk of Court shall close this file.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge